**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3441
_____

FENG MEI XIU, a/k/a Feng Mei Xu,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079 447 466)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2013

Before: AMBRO, JORDAN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 06, 2013)
_____

OPINION
_____

PER CURIAM

Feng Mei Xiu, a native and citizen of China, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") denying her motion to reopen her

1

immigration proceedings.  For the reasons that follow, we will deny the petition for review.

In 2005, an Immigration Judge found Xiu removable from the United States because she did not have a valid entry or travel document.  The Immigration Judge also denied Xiu's applications for asylum, withholding of removal, and relief under the Convention Against Torture.  Xiu had claimed that she feared persecution by the Chinese police because she had sold Falun Gong materials at her bookstand.  The BIA affirmed the IJ's decision and we denied Xiu's petition for review.  Xiu v. Att'y Gen., 227 F. App'x 113 (3d Cir. 2007) (unpublished decision).

In 2012, Xiu, through counsel, filed a motion to reopen her immigration proceedings in order to apply for asylum.  Xiu asserted that, since her merits hearing, conditions in China have changed and there has been increased persecution of Christians who practice their religion in unauthorized churches.  Xiu stated that she began attending a Christian church in Brooklyn, New York in 2010, that she will not join the government-sanctioned churches in China because they do not follow the true teachings of the Bible, and that she will be arrested if she is found in an unauthorized religious gathering.

The BIA denied the motion as untimely, deciding that Xiu's "evidence [was] inadequate to establish a change in circumstances or country conditions 'arising in the country of nationality' so as to create an exception to the time and number limitation for filing a late motion to reopen to apply for asylum."  A.R. at 4.  This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the denial of a motion to reopen for abuse of discretion. Khan v. Att'y Gen., 691 F.3d 488, 495 (3d Cir. 2012).

A motion to reopen removal proceedings must generally be filed within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i). There is no time limit, however, on the filing of a motion to reopen to apply for asylum or withholding of removal "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered . . . ." Id. § 1229a(c)(7)(C)(ii). Although Xiu's claim is based on a new religious practice or a change in her personal circumstances, an alien may file an asylum application based on changed personal circumstances beyond the 90-day statutory period if he or she can also show changed country conditions. Liu v. Att'y Gen. 555 F.3d 145, 150 (3d Cir. 2009).

Xiu asserts in her brief that the BIA failed to address the arguments she raised in her motion to reopen and that the BIA's decision that she did not establish changed country conditions is devoid of any reasoning. In her motion to reopen, Xiu argued that three events had occurred since her merits hearing that have led to escalating persecution of Christians attending unauthorized churches in China and specifically in Fujian Province, her home province. Xiu explained that increased persecution was the result of new regulations expanding protection for registered, but not unregistered, religious groups, the 2008 Olympic Games in China, and protests in the Middle East in 2011. Xiu

3

submitted documentation in support of her motion, which included articles reporting increased arrests of Christians attending unregistered churches.

The Government contends that the events referred to by Xiu, and the evidence submitted in support of her motion, do not establish changed country conditions. The BIA, however, did not address Xiu's arguments and we may only review the BIA's decision based on the rationale it provided. SEC v. Chenery Corp., 332 U.S. 194, 196 (1947); Konan v. Att'y Gen., 432 F.3d 497, 501 (3d Cir. 2005). The BIA's decision does not discuss whether conditions in China have changed. Instead, the BIA noted the current conditions in China reflected in U.S. Department of State Reports, which it stated were the best source of information, and concluded that this evidence did not reflect that Xiu will suffer mistreatment amounting to persecution. These statements do not explain the BIA's ruling that Xiu did not show changed country conditions excusing her untimely filing. See Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (noting authority providing that the BIA should provide more than conclusory statements so that a court can discern its reasons for denying relief).

The Government further argues that any failure by the BIA to explain its decision that Xiu did not show changed country conditions is harmless in light of its conclusion that current conditions do not reflect that she will be persecuted. The BIA's decision is ambiguous as to whether it determined that Xiu did not establish the prima facie case for relief required for reopening or whether it conflated this question with the distinct question of changed country conditions. See Shardar v. Att'y Gen., 503 F.3d 308, 312

(3d Cir. 2007) (explaining changed country conditions and the merits of a *prima facie* case asylum claim are "related but analytically distinct issues"). We conclude that, even if the BIA conflated these questions, no relief is due because Xiu did not demonstrate that reopening is warranted on the merits of her asylum claim.

The BIA's conclusion that Xiu did not show that she will suffer mistreatment amounting to persecution if removed to China is supported by the 2011 Annual Report of the U.S. Commission on International Religious Freedom and the 2010 International Religious Freedom Report cited in its decision. As such, a remand on the issue of changed country conditions would not change the result in her case. We are not persuaded by Xiu's arguments that the BIA failed to assess the evidence under a prima facie standard or that the BIA did not consider her evidence because it found certain documents previously available or incomplete.[1]

Accordingly, we will deny the petition for review.[2]

---

[1] Judge Ambro dissents because, in his view, the BIA's decision does not reflect that it applied the proper standards in evaluating Xiu's motion to reopen. Judge Ambro concludes that, in addition to the lack of explanation on the question of changed country conditions, the BIA's decision does not reflect that it considered whether Xiu established prima facie eligibility for asylum, which only required showing a reasonable likelihood that she can establish that she is entitled to relief. Shardar, 503 F.3d at 313. He finds that, to the extent the BIA held Xiu to a higher burden of proof, the BIA's apparent conflating of the issues of changed country conditions and the merits of her asylum claim was not harmless and a remand is warranted.

[2] Xiu's request for oral argument is denied.